UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PEARL R. KLINE,                            *

    Plaintiff,                          *

v.                                          *         Civil Action No. CJC-25-0063

SUKHJINDER SINGH, *et al*.,                 *

    Defendants.                        *

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion to Strike Plaintiff's Rule 26(a)(2) Disclosures. ECF No. 24. The Motion has been fully briefed and no hearing is necessary, Loc. R. 105.6. For the reasons explained below, the Court DENIES Defendants' Motion to Strike.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

This action arises out of a motor vehicle accident that occurred on April 15, 2021. ECF No. 3. Plaintiff was driving her vehicle eastbound on Interstate 70, near the Clear Springs exit in Washington County, Maryland. ECF No. 3, Compl. ¶ 1. At the same time, a vehicle owned by Defendant Road Range Express and operated by Defendant Sukhjinder Singh was traveling directly behind Plaintiff's vehicle. *Id.* ¶ 2. Plaintiff stopped for traffic, and Singh's vehicle struck the rear of Plaintiff's vehicle. *Id.* ¶ 4. Plaintiff filed suit against Defendants in the Circuit Court for Washington County, alleging negligence. ECF No. 3. Defendants removed the case to this Court on January 8, 2025. ECF No. 1.

On February 12, 2025, the Court issued a Scheduling Order pursuant to Local Rule 103.9, setting deadlines for all future proceedings and discovery. ECF No. 11. Under the Scheduling Order, Plaintiff's Rule 26(a)(2) disclosures were due by April 14, 2025. *Id*. Plaintiff did not serve

her Rule 26(a)(2) expert disclosure until June 9, 2025. ECF No. 24-3. Plaintiff's disclosure included the expert's curriculum vitae and fee schedule, but omitted the expert's report and did not otherwise summarize the expert's opinions. *See id.*

On June 19, 2025, Defendants filed a Motion to Strike Plaintiff's Rule 26(a)(2) disclosure of Dr. Ira M. Garonzik. ECF No. 24. In their Motion, Defendants argue that Plaintiff's Rule 26(a)(2) expert disclosure should be stricken because it is (1) untimely and (2) insufficient, in violation of Rule 26(a)(2) of the Federal Rules of Civil Procedure. ECF No. 24-1. Specifically, Defendants contend that the disclosure was served nearly two months after the April 14, 2025 deadline in the Scheduling Order, without any request for an extension or explanation for the delay. Defendants further note that Plaintiff's belated disclosure misrepresented that the expert's opinion had already been disclosed during discovery when it had not. *Id*. at 3.

Between the filing of Defendants' Motion to Strike and Plaintiff's response, Plaintiff produced the expert's report. ECF No. 32-1 (identifying Dr. Garonzik's opinions in a supplemental expert report, dated June 24, 2025). Discovery closed on June 27, 2025.

On July 1, 2025, Plaintiff filed her opposition to the Motion to Strike. ECF No. 32. Plaintiff clarified that her representation that Dr. Garonzik's opinions had already been disclosed was made in error and that she had since produced the expert's report. *Id*. ¶¶ 5–6. Defendants filed a reply in support of their Motion to Strike on July 11, 2025. ECF No. 36. Defendants acknowledged in their Reply that they received Plaintiff's expert report—but only four days before the close of discovery and after filing the instant motion. *Id*. at 3. Defendants further argued that they would be severely prejudiced if the Court were to permit the untimely disclosure of Plaintiff's expert because discovery had closed and the deadlines for their own disclosures had

2

elapsed, leaving them with no opportunity to rebut or respond to Dr. Garonzik's opinions. ECF No. 24-1 at 4–5; ECF No. 36.

II.     LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(2)(A) requires litigants to disclose "the identity of any witness [they] may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26. Rule 26(a)(2)(B) further requires parties to produce a written report for any witness who is "retained or specially employed to provide expert testimony in the case" or "whose duties as the party's employee regularly involve giving expert testimony." A report must include:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

Rule 26(a)(2)(C) provides that non-testifying expert witnesses need not produce a written report, but the disclosure of such witnesses must provide: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). A party who fails to disclose a witness as required by Rule 26(a) "is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In lieu of excluding the witness's testimony, the Court "may impose other appropriate sanctions . . . ." *Id.*

III.     ANALYSIS

There is no dispute that Plaintiff's disclosure of Dr. Garonzik was untimely. ECF No. 32 at 1. And because the disclosure lacked the required written report when Plaintiff served it on Defendants, it was plainly insufficient under Rule 26(a)(2) of the Federal Rules of Civil Procedure. Moreover, as Plaintiff's own opposition admits, the untimely disclosure was not substantially justified. *Id.* ¶ 8. Consequently, the real inquiry is whether the error was harmless.

In determining whether a party's failure to disclose was substantially justified or harmless so as to exclude a witness pursuant to Rule 37(c)(1), this Court has broad discretion and is guided by consideration of five factors: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). "Notably, a district court is 'not *required* to tick through each of the *Southern States* factors.'" *Benjamin v. Sparks*, 986 F.3d 332, 343 (4th Cir. 2021) (quoting *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014)). Because it "'is an extreme sanction'" to exclude expert testimony, "if the evidence is critical, [this sanction] is 'not normally ... imposed absent a showing of willful deception or flagrant disregard of the court order by the proponent.'" *Hatami v. Hatami*, Civil Action No. WDQ-14-4004, 2015 WL 4509815, at *3 (D. Md. July 24, 2015) (quoting *Soufflas v. Zimmer, Inc.*, 474 F. Supp. 2d 737, 745 n.4 (E.D. Pa. 2007)).

Here, the first *Southern States* factor, surprise, weighs in Defendants' favor, as the disclosure came more than two months after the disclosure deadline and without advance notice. The second factor—the ability to cure—cuts both ways. Because the discovery period has

4

closed, Defendants' ability to identify a rebuttal expert is limited. However, reopening discovery for the narrow purpose of allowing Defendants to serve their own expert disclosures provides an adequate cure. Indeed, there are several cases in this District that have permitted limited extensions of discovery to mitigate the prejudice from untimely expert disclosures. *See, e.g.*, *Hawkins v. Barakat*, Civil Action No. ELH-20-1386, 2021 WL 1294111, at *4 (D. Md. Apr. 7, 2021); *Wiseman v. Walmart Stores, Inc.*, Civil Action No. SAG 16-4030, 2017 WL 2865013, at *3 (D. Md. July 5, 2017); *Jordan v. Iverson Mall Ltd. P'ship*, Civil Action No. RWT-14-0377, 2015 WL 4663619, at *2 (D. Md. Aug. 5, 2015); and *Mayor & City Council of Balt. v. Unisys Corp.*, Civil Action No. JKB-12-0614, 2013 WL 4784118, at *5 (D. Md. Sept. 5, 2013) (Gallagher, J.).

The third *Southern States* factor, disruption of trial, does not weigh heavily against Plaintiff, as no trial date has been set, and a modest extension of expert discovery will not substantially disrupt proceedings. The fourth factor, the importance of the evidence, strongly favors Plaintiff, as Dr. Garonzik is Plaintiff's sole expert on damages, which is the only remaining issue in this case. Finally, the fifth factor, the explanation for the delay, weighs against Plaintiff, as no justification has been provided for failing to comply with the Scheduling Order.

On balance, although Plaintiff's disclosure was untimely, insufficient, and unjustified, precluding Plaintiff's expert from testifying altogether in this damages-only case would be an extreme result. Given the broad discretion afforded to district courts in weighing these factors and fashioning appropriate sanctions, the Court will treat Plaintiff's disclosure of Dr. Garonzik as an untimely Rule 26(a)(2) disclosure that can be rendered harmless by modifying deadlines in the Scheduling Order. The Court can adequately minimize the prejudice to Defendants through a limited reopening of expert discovery. The Court will re-open discovery for a 45-day period for

the sole purpose of allowing Defendants to conduct discovery related to Dr. Garonzik's report (including a deposition of Dr. Garonzik) and to designate rebuttal witnesses.

## IV.     CONCLUSION

For the foregoing reasons, it is ORDERED that Defendants' Motion to Strike Plaintiff's Rule 26(a)(2) Expert Disclosure (ECF No. 24) is DENIED. A new Scheduling Order will follow.


DATED this 28th day of August, 2025

                                            BY THE COURT

                                            _____
                                            Chelsea J. Crawford
                                            United States Magistrate Judge